IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MASONRY INDUSTRY TRUST ADMINISTRATION, INC.,** an Oregon corporation,<br><br>      Plaintiff,<br><br>v.<br><br>**SACRY.COM, INC.,** a Montana corporation,<br><br>      Defendant. | 10-CV-497-BR<br><br>OPINION AND ORDER |

**BRADLEY L. MIDDLETON**
Bradley L. Middleton, P.C.
6950 S.W. Hampton Street, Suite 250
Tigard, OR 97223
(503) 968-7487

      Attorney for Plaintiff

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Masonry Industry Trust, Inc.'s Motion (#21) for Attorneys' Fees.  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and awards attorneys' fees to Plaintiff in the amount of **$2,772.00**.

## BACKGROUND

On April 29, 2010, Plaintiff filed its Complaint seeking recovery of contributions owed by Defendant, an employer that relied on Plaintiff to administer a trust for its employee benefit plans governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*.  Defendant did not make an appearance in this matter or file a pleading in response to Plaintiff's Complaint.  On October 28, 2010, Plaintiff moved for a default judgment, which the Court granted on December 16, 2010.

On December 29, 2010, Plaintiff filed its Bill of Costs, which the Court granted on January 19, 2011, and taxed against Defendant.

Plaintiff's Motion for Attorneys' Fees is unopposed.

## STANDARDS

Plaintiff notes the Trust Agreement between Plaintiff and Defendant provides for Plaintiff to recover attorneys' fees in the event Plaintiff is required to employ an attorney to recover

2 - OPINION AND ORDER

delinquent payments.  In addition, Plaintiff is entitled to attorneys' fees under ERISA for obtaining a judgment to require a an employer to make contributions in accordance with the terms of its ERISA-governed benefits plan.  29 U.S.C. § 1132 (g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> > (A) the unpaid contributions,
> >
> > (B) interest on the unpaid contributions,
> >
> > (c) an amount equal to the greater of--
> >
> > > (I) interest on the unpaid contributions, or
> > >
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> >
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> >
> > (E) such other legal or equitable relief as the court deems appropriate.

Generally the Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees.  *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  *See also Gates v. Deukmejian,* 987 F.2d 1392,

3 - OPINION AND ORDER

1397 (9th Cir. 1993). The party seeking an award of attorneys' fees bears the burden to produce evidence to support the number of hours billed and the hourly rates claimed. *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Employees of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008). See also *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

When determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "'that are excessive, redundant, or otherwise unnecessary.'" *McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court has "considerable discretion" in determining the reasonableness of attorneys' fees. *Webb v. Ada County, Idaho,* 195 F.3d 524, 527 (9th Cir. 1999).

To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship

4 - OPINION AND ORDER

with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of* U.S., 307 F.3d 997, 1007 n.7 (9th Cir. 2002). See *also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "The Court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002)(quoting *Kessler v. Assocs. Fin. Servs. Co. of Haw.*, 639 F.2d 498, 500 n.1 (9th Cir. 1981)).

## DISCUSSION

Plaintiff seeks $2,772.00 in attorneys' fees for 16.8 hours of work performed at an hourly rate of $165.00 per hour.

**I. Reasonable Hourly Rate.**

Plaintiff's counsel, Bradley Middleton, seeks an hourly rate of $165. Middleton states for fifteen years he has represented numerous ERISA trusts seeking unpaid contributions, and he has substantial experience in ERISA collection matters. Middleton notes the rate of $165 per hour is lower than his standard billing rate because of his long-term relationship with Plaintiff.

In addition to Middleton's experience, the Court notes the 2007 Economic Survey conducted by the Oregon State Bar reflects

the average billing rate for attorneys in Portland, Oregon, is $244 per hour and the average billing rate for an attorney with the same number of years of experience as Middleton is $267 per hour. These rates would likely be even higher if Middleton's expertise in ERISA matters was taken into account.

On this record the Court concludes, in the exercise of its discretion, that Middleton's hourly rate of $165 is reasonable.

**II. Reasonable Time Expended.**

Plaintiff's counsel states he spent 18.8 hours on this matter to obtain a judgment for the damages sought by Plaintiff.

The Court has reviewed Middleton's billing records and notes he spent the bulk of his time preparing the Complaint, calculating the unpaid contributions and the interest owed, preparing the Motion for Default Judgment, and drafting the proposed Judgment. The Court finds each of these tasks was necessary to secure a judgment in favor of Plaintiff and the amount of time expended was reasonable under the circumstances.

**III. Reasonableness of the Lodestar Amount.**

Plaintiff's counsel also contends the lodestar amount sought is reasonable based on the factors set out in *Fischel*. For example, Plaintiff's counsel notes he is a sole practitioner, and, as a result, the acceptance of representing Plaintiff and his performance of the necessary work for Plaintiff precludes him from performing other work. Plaintiff's counsel also notes even

though Defendant did not appear in this case, counsel was able to secure a judgment for the full amount sought by Plaintiff.  In addition, Plaintiff's counsel notes he did not bill for some of the time he spent pursuing collection on bond claims and for the time expended by his legal assistants on this case.

In light of the foregoing and in the exercise of its discretion, the Court concludes on this record that Plaintiff's requested attorneys' fees are reasonable.  The Court, therefore, grants Plaintiff's Motion for Attorneys' Fees and awards $2,772.00 to Plaintiff.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#21) for Attorneys' Fees and awards attorneys' fees to Plaintiff in the amount of **$2,772.00**.

IT IS SO ORDERED.

DATED this 15th day of March, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

7 - OPINION AND ORDER